**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JEFFREY ROXBURY, | CIVIL ACTION NO. 07-6046 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| GULF STREAM COACH, INC., et al., |  |
| Defendants. |  |

**COOPER, District Judge**

Plaintiff commenced this action in New Jersey state court to recover damages for, inter alia, alleged violations of the Magnuson-Moss Warranty Improvement Act ("MMWIA"), 15 U.S.C. §§ 2301-2312, against defendants, Gulf Stream Coach, Inc. ("Gulf Stream") and Scott Motor Coach Sales, Inc. ("Scott"). (Dkt. entry no. 1, Compl.)  Gulf Stream removed the action to this Court (dkt. entry no. 1, Rmv. Not.), and now moves, inter alia, to transfer venue to the United States District Court for the Northern District of Indiana.  (Dkt. entry no. 3.)  Scott, by an unfiled letter dated January 14, 2008, joins the motion.  (1-14-08 Letter of William Cunningham.)[1]  Plaintiff cross-moves to remand the action to New Jersey state court.  (Dkt. entry no. 7.) The Court will decide the motion and cross motion without oral

---

[1] It appears Scott has neither been served, nor filed an answer or other responsive pleadings.

argument and on the papers, pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons stated herein, the Court will: (1) grant the cross motion; (2) deny the motion without prejudice; and (3) remand the action to New Jersey state court.

## BACKGROUND

Plaintiff, a New Jersey citizen, contracted to purchase from Scott, a New Jersey corporation, a motor home ("vehicle") manufactured by Gulf Stream, an Indiana corporation, for $77,250.73 on October 13, 2006.  (Compl., at 1.)[2]  On or about November 1, 2006, plaintiff took possession of the vehicle.  (Id. at 2.)  Plaintiff asserts that: (1) the vehicle was purchased in reliance on representations that it would achieve 17 to 19 miles per gallon of fuel; (2) the vehicle did not, in fact, achieve the represented fuel efficiency standards; and (3) he informed defendants of this perceived defect, the vehicle was sent for repair at least three times, and the issue has not been resolved. (Id. at 3-5.)

Plaintiff filed the complaint on November 9, 2007, alleging a violation of the MMWIA, as well as violations of New Jersey state law.  (Compl., at 1-6.)

---

[2]  The purchase price of the vehicle is unclear.  The complaint, filed on November 9, 2007, lists the purchase price of the vehicle as $77,250.73.  (Compl., at 1.)  Plaintiff's brief in support of the cross motion lists the contract price as $70,999.50, absent delivery charges, taxes, and title fees. (Dkt. entry no. 7, Pl. Br., at 1.)

Gulf Stream removed this action from state court, pursuant to 28 U.S.C. § 1331, on the basis of the MMWIA claim. (Rmv. Not., at 1.)[3] Gulf Stream now moves, inter alia, to transfer venue. (See dkt. entry no. 3, Def. Br.) Plaintiff now cross-moves to remand the action to state court, arguing in effect that his MMWIA claim is less than the $50,000 amount in controversy requirement set forth in the statute. (Pl. Br., at 2-3.) Gulf Stream opposes the cross motion, arguing that the amount in controversy requirement is satisfied when all of plaintiff's claims are aggregated together, along with any punitive damages. (Dkt. entry no. 9, Def. Reply Br., at 10.)

**DISCUSSION**

**I. Legal Standards**

**A. Motion to Remand**

A defendant may remove a civil action brought in state court if the federal court would have had original jurisdiction over it. See 28 U.S.C. § 1441(b). The federal court will remand the

---

[3] Plaintiff first brought an action against Gulf Stream in state court on April 4, 2007. See No. 07-2666 (MLC), dkt. entry no. 1, Ex. A. Gulf Stream removed that action on the basis of jurisdiction pursuant to 28 U.S.C. § 1332. Id. at 1-3. Before Gulf Stream filed an answer, plaintiff withdrew the action, and the Court issued an order dismissing that complaint without prejudice. See No. 07-2666 (MLC), dkt. entry no. 5, Order, at 1. Plaintiff brought this action on November 9, 2007, adding Scott as an additional defendant. (See Compl., at 1.) It appears there is no jurisdiction pursuant to Section 1332 here because plaintiff and Scott are New Jersey citizens.

action if the court determines that it lacks subject matter jurisdiction. Id. § 1447(c). It is the removing party's burden to establish, at all stages of litigation, that the action is properly before the federal court. Samuel-Bassett v. Kia Motors Am., 357 F.3d 392, 396 (3d Cir. 2004). All doubts as to the existence of jurisdiction must be resolved in favor of remand. See id. The party asserting jurisdiction must show with legal certainty that the jurisdictional amount, if applicable, has been satisfied to retain jurisdiction. Id. at 398.

    **B.   The MMWIA**

The MMWIA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other equitable relief" in state or federal court. 15 U.S.C. § 2310(d)(1). The MMWIA, however, limits the jurisdiction of the federal courts by providing, inter alia, that a cause of action may not proceed in federal court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." Id. § 2310(d)(3)(B). Pendent state claims and attorneys' fees are not considered in this amount. Samuel-Bassett, 357 F.3d at 402-03; Suber v. Chrysler Corp., 104 F.3d 578, 588 n.12 (3d Cir. 1997); see Mele

v. BMW of N. Am., No. 93-2399, 1993 WL 469124, at \*3-\*4 (D.N.J. Nov. 12, 1993) (granting motion to dismiss); Rose v. A&L Motor Sales, 699 F.Supp. 75, 76-77 (W.D. Pa. 1988) (dismissing complaint).[4] Furthermore, some courts have concluded that punitive damages also are not considered in determining the amount in controversy. See Mele, 1993 WL 469124, at \*3-\*4; Wetzel v. Am. Motors Corp., 693 F.Supp. 246, 248 n.2 (E.D. Pa. 1988); Kelly v. Fleetwood Enters., 377 F.3d 1034, 1039-40 (9th Cir. 2004).

The standard measure of damages under the MMWIA is the cost of the vehicle minus both the present value of the allegedly defective vehicle and the value of the plaintiff's usage. See Samuel-Bassett, 357 F.3d at 402; Skriletz v. Ford Motor Co., No. 98-1550, 1999 WL 179752, at \*2-\*3 (E.D. Pa. Mar. 10, 1999) (granting motion to remand); Siegel v. Ford Motor Co., No. 95-4138, 1995 WL 649166, at \*1 (E.D. Pa. Oct. 27, 1995) (dismissing complaint). At most, recovery under the MMWIA is the value of the vehicle at issue. See Skriletz, 1999 WL 179752, at \*2-\*3.

---

[4] "[A]n interpretation . . . that would allow the aggregation of pendent state claims to satisfy the [MMWIA's] $50,000 amount in controversy would be wholly inconsistent with the concept of supplemental jurisdiction. A district court may exercise supplemental jurisdiction over pendent state claims only if it possesses original jurisdiction. . . . [T]he Court holds that [the MMWIA's] reference to 'all claims' means all MMW[I]A claims." Critney v. Nat'l City Ford, 255 F.Supp.2d 1146, 1148 (S.D. Cal. 2003) (emphasis in original) (granting motion to remand).

## II.  Remand is Appropriate

The Court finds that there is no subject matter jurisdiction over the action because plaintiff's claim does not satisfy the amount in controversy required by the MMWIA.  See 15 U.S.C. § 2310(d)(3)(B).  Gulf Stream argues that, when taken together, all of the claims alleged by plaintiff will not equal less than $50,000 and, thus, the amount in controversy requirement of the MMWIA is met.  (Def. Reply Br., at 4.)  Gulf Stream further asserts that plaintiff's request for punitive damages may be considered for purposes of satisfying the MMWIA amount in controversy.  (Id.)  However, pendent state claims and punitive damages are not necessarily included when determining the amount in controversy.  See supra I.B.

Plaintiff's brief in support of the cross motion to remand, furthermore, is an admission that he seeks less than $50,000 in damages under his MMWIA claim.[5]  Plaintiff asserts "[t]he defendant cannot possibly succeed" in showing with legal certainty that the MMWIA claim exceeds $50,000.  (Pl. Br., at 2-3.)  Plaintiff is not requesting full compensation for the price of the vehicle under the MMWIA, but rather seeks only to be compensated for the difference in value as a result of the

---

[5] This admission by plaintiff does not preclude him from recovering $50,000 or greater under the additional state law claims.

vehicle's inability to meet certain gas mileage standards.  (Id.) Thus, the Court finds remand is appropriate here.

**III.  Motion**

In light of the disposition of the cross motion, the Court will deny the motion, inter alia, to transfer venue without prejudice.  The defendants may pursue any remedies available concerning forum non conveniens, to the extent permissible, in New Jersey state court.

### CONCLUSION

The Court, for the reasons stated supra, will: (1) grant the cross motion to remand;(2) deny the motion, inter alia, to transfer without prejudice; and (3) remand the action to New Jersey state court.  The Court will issue an appropriate order.

                                   s/ Mary L. Cooper
                                  **MARY L. COOPER**
                                  United States District Judge

Dated:    September 15, 2008